IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA PALMER,

    Plaintiff,                              No. CIV S-04-0056 DAD

    v.

MICHAEL J. ASTRUE,                   <u>ORDER</u>
Commissioner of Social Security,

    Defendant.
_____/

        Counsel for plaintiff in the above-entitled action seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $12,375.00 for 27.5 hours of professional time devoted to the representation of plaintiff before this court. Defendant did not file a response to the motion.

        In response to the court's order filed April 19, 2007, plaintiff's counsel has filed an amended declaration that includes an itemized statement of the professional time he devoted to his representation of plaintiff.

        Section § 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled

1

        by reason of such judgment, and the Commissioner of Social
        Security may . . . certify the amount of such fee for payment to
        such attorney out of, and not in addition to, the amount of such
        past-due benefits. . . .

42 U.S.C. § 406(b)(1)(A).

       Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits.  See Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).  However, the 25 percent statutory maximum fee is not an automatic entitlement, and the court must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Gisbrecht, 535 U.S. at 807.

       Here, counsel for plaintiff seeks approval for attorney fees in the amount of $12,375.00.  Counsel offers evidence that $14,035.25 is the amount equal to 25 percent of plaintiff's past-due benefits.  (Pl.'s Mar. 29, 2006 Mot. for Attorneys' Fees, Ex. 2 at 1.)  Thus, the award sought is less than the maximum fee authorized by statute and also less than the amount set forth in the contract between counsel and plaintiff.  (Id., Ex. 3 at 1 (providing for a fee of "twenty-five percent (25%) of the total past-due benefits").)  Counsel seeks an award in the amount of $12,375.00 for 27.5 hours of work, at an effective rate of $450.00 per hour.  Based on the quality of counsel's representation and the results achieved in this case, the court finds the amount of hours expended to be reasonable.  The hourly rate is also reasonable.  See Martin v. Barnhart, 225 F. Supp. 2d 704, 705-07 (W.D. Va. 2002) (awarding $10,189.50 for 16.82 hours of court-related work which represented an hourly rate of $605.80); Roark v. Barnhart, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (awarding attorneys fees in excess of the amount received under

1  EAJA and finding an hourly rate of $338.29 to be reasonable).  The motion for attorney fees
2  pursuant to 42 U.S. C. § 406(b) will be granted.
3       Where an award is made pursuant to 42 U.S.C. § 406(b), the award must be offset
4  by any sum awarded as fees pursuant to EAJA.  <u>See</u> <u>Russell</u>, 930 F.2d at 1446 ("The dual fee
5  awards are proper here as long as Russell's attorney gives the smaller of the two awards to his
6  client to compensate Russell for his litigation costs.").  Here, counsel acknowledges that he has
7  previously been awarded $3,700.00 for fees under EAJA.  Plaintiff's counsel will be entitled to
8  keep $12,375.00, as the larger of the two awards, but he must return $3,700.00 to Ellis Palmer,
9  plaintiff's successor-in-interest.
10       Accordingly, IT IS HEREBY ORDERED that:
11       1. The motion for attorney fees filed by counsel for plaintiff on March 29, 2006,
12 is granted; and
13       2. Attorney fees in the amount of $12,375.00 are awarded to plaintiff's counsel
14 pursuant to 42 U.S.C. § 406(b).
15 DATED: May 1, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

19 DAD:kw
Ddad1/orders.socsec/palmer0056.attyfees.406